IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROSA SERRANO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | EP-16-CV-190-DCG |
| | § | |
| EL PASO COUNTY JAIL SHERIFF | § | |
| RICHARD WILES, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Rosa Serrano challenges three contempt orders entered by County Court at Law Number Seven in El Paso County, Texas, requiring her confinement in the El Paso County Jail. The County Court issued the contempt orders in civil cases involving disputes between Serrano, doing business as The Lens Factory, and Pellicano Business Park, L.L.C., Old Republic National Title Insurance, and City Bank Texas, N.A. The County Court ordered Serrano to serve three days in cause number 2012-DCV06341, fifteen days in cause number 2015-DCV1079, and seventy-five days in cause number 2012-DCV06341, after she failed to comply with its orders.[1]

In her petition for a writ of habeas corpus under 28 U.S.C. § 2254, Serrano asserts the County Court violated her Sixth and Fourteenth Amendment rights because she did not have the assistance of counsel for her defense at the contempt hearing.[2] She also claims the contempt

---

[1] *See In re Dinnan*, 625 F.2d 1146, 1149 (5th Cir. 1980) ("The conclusive, most important factor in distinguishing civil and criminal contempt is the purpose of the contempt judgment. If its purpose is to coerce the contemnor into compliance with the court's order or to compensate the complainant for losses sustained, then the proceeding is civil. On the other hand, if its purpose is to punish or to vindicate the authority of the court, then the proceeding is criminal.") (citations omitted).

[2] Pet'r's First Pet. 6, June 6, 2016, ECF No. 1.


orders are void because the County Court failed to enter a commitment order.[3] Serrano indicates in a letter to the Court that she is not in custody.[4] Serrano also explains she has a petition for a writ of mandamus pending in the Texas Eighth Court of Appeals in cause number 08-16-00110-CV.[5] Serrano asks the Court to vacate the contempt orders.[6]

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[7] They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."[8] Moreover, "[f]ederal courts, both trial and appellate, have a continuing obligation to examine the basis for jurisdiction."[9] Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter."[10] Accordingly, a court may *sua sponte* raise the jurisdictional issue at any time.[11]

Serrano brings the instant cause pursuant to § 2254. Federal district courts have

---

[3] *Id.*

[4] Pet'r's Second Pet. 6, June 6, 2016, ECF No. 1-1.

[5] Pet'r's First Pet. 3.

[6] *Id.* at 7.

[7] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

[8] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[9] *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

[10] FED. R. CIV. P. 12(h)(3).

[11] *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465–66 (5th Cir. 1999).

jurisdiction to entertain petitions under § 2254 only from persons who are "*in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States."[12]  Serrano concedes she is not *in custody*.[13]

Moreover, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court."[14]  In Texas, the only method to challenge a contempt order if the contemnor is confined and the matter stems from a civil law matter is through an original habeas corpus proceeding in the Texas Supreme Court or Courts of Appeals.[15]  The Texas Supreme Court has jurisdiction to issue writs of habeas corpus in civil matters pursuant to Texas Constitution Article V, § 3, and Texas Government Code § 22.002(e).  Concurrently with the Texas Supreme Court, Courts of Appeals have jurisdiction to issue such writs pursuant to Texas Government Code § 22.221(d).  Serrano has a petition for a writ of mandamus challenging the contempt orders pending in the Texas Eighth Court of Appeals in cause number 08-16-00110-CV.[16]  Thus, she has not exhausted her claims in state court.

Finally, Serrano's "petition under 28 U.S.C. § 2254 is improper because that section applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the

---

[12] 28 U.S.C. § 2254(a) (2012) (emphasis added); *see also Lackawanna County Dist. Att'y. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

[13] Pet'r's Second Pet. 17, June 6, 2016, ECF No. 1-1.

[14] *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1), (c)).

[15] *See* Tex. R. App. P. 52.1; *Ex parte Acker*, 949 S.W.2d 314, 315 (Tex. 1997) (holding in an original Texas Supreme Court proceeding that a contempt order was "unenforceable because the trial court did not inform relator of her right to counsel when she appeared *pro se* at the contempt hearing").

[16] Pet'r's Pet 3.  *See also* http://www.txcourts.gov/8thcoa.aspx (search for 08-16-00110-CV), last visited June 16, 2016.

judgment of a state court.'"[17] Petitions such as the instant pleading filed by Serrano, "are properly brought under [28 U.S.C.] § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."[18]

A person may obtain habeas relief under § 2241 "when '[h]e is *in custody* in violation of the Constitution or laws or treaties of the United States."[19] In addition, "[d]espite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."[20] The courts developed this exhaustion requirement "to protect the state courts' opportunity to confront and resolve initially any ... issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process."[21] The requirement furthers the principle of comity by allowing the state courts the first opportunity to determine whether the petitioner's constitutional rights have been violated.[22] As the Court noted above, Serrano is not in custody and has a writ pending in the

---

[17] *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (quoting 28 U.S.C. §§ 2254(a) and (b)) (emphasis added).

[18] *Id.* (footnote omitted).

[19] 28 U.S.C. § 2241(c)(3).

[20] *Dickerson*, 816 F.2d at 225.

[21] *Id.*

[22] *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008).

Eighth Court of Appeals.

Accordingly, the Court finds Serrano has not met the preconditions for filing a petition for a writ of habeas corpus under either § 2254 or § 2241. It concludes, therefore, it should dismiss Serrano's petition for lack of jurisdiction. Additionally, the Court concludes it should deny Serrano a certificate of appealability.[23] The Court, therefore, enters the following orders:

**IT IS ORDERED** that Serrano's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Serrano is **DENIED** a certificate of appealability.

**IT IS ALSO ORDERED** that all pending motions are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED**.

SIGNED this 5th day of June, 2016.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

[23] *See* 28 U.S.C. foll. § 2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."); 28 U.S.C. § 2253(c)(2) (2012) ("A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).